UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES FISHER,

        Plaintiff,

vs.                                    Case No. 3:15-cv-917-J-39MCR

DONNA THOMAS and
JAMES NAULT,

        Defendants.

_____

## ORDER

**THIS CAUSE** is before the Court on pro se Plaintiff's Complaint (Doc. 1), and

Plaintiff's document entitled "Injunction," which has been docketed as a "Motion for

Preliminary Injunction," (Doc. 2; "Injunction"), both which were filed on July 27, 2015.

Also pending is Plaintiff's Affidavit of Indigency, which the Court construes as a Motion for

Leave to Proceed In Forma Pauperis.  (Doc. 4).  Upon review, the Court determines that

the Complaint and the "Injunction" are due to be stricken.

## I.   Plaintiff's Complaint

Plaintiff's handwritten Complaint is nearly indecipherable.  It states that both

Plaintiff and Defendants are residents of Jacksonville, Florida, and alleges that Defendant

Thomas is a district manager of rental property.  Complaint at 1, 3.  Plaintiff appears to

allege that Defendant Thomas is "extorting money from tenants on water bills" by

'tamper[ing] with office computers."  Id. at 3.  Plaintiff alleges that Defendant Thomas is

under federal investigation for "computer fraud."  Id.  Plaintiff contends that this case

"involves civil rights violations protected under Title 7 & USC 1331."  Id. at 2.  Additionally,

Plaintiff alleges that both Defendants "are not U.S. citizens." Id. at 3.  Plaintiff is seeking

$1 million from Defendants, a permanent injunction, and an order freezing Defendants'

bank accounts and "property transactions." Id. at 4.  He also requests that "[b]oth

defendants be deported back to Canada." Id.

Because the Complaint fails to comply with the pleading requirements of Rules 8

and 10, Federal Rules of Civil Procedure, the Court is unable to determine what Plaintiff

is claiming, or whether the Court has subject matter jurisdiction over this matter.[1]  While

pro se complaints are to be held to a less stringent standard than those drafted by an

attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still

required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x

897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir.

2002)).[2]  Rule 8(a), Federal Rules of Civil Procedure, provides:

> A pleading that states a claim for relief must contain: (1) a
> short and plain statement of the grounds for the court's
> jurisdiction . . . ; (2) a short and plain statement of the claim
> showing that the pleader is entitled to relief; and (3) a demand
> for the relief sought . . . .

---

[1]  Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction.  See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking").  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  In the event this threshold issue is not met, the Court must dismiss the action if it "determines at any time that it lacks subject-matter jurisdiction."  Fed. R. Civ. P. 12(h)(3).  Based upon Plaintiff's allegations in the Complaint, it appears that the Court does not have diversity of citizenship jurisdiction, and Plaintiff cites to no specific statutory grant of jurisdiction or federal question.

[2]  All filings with the Court must be made in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rules").

Fed. R. Civ. P. 8(a) (emphasis added).  An action fails to state a claim on which relief may be granted, and may be subject to dismissal, if it fails to include such a short and plain statement.  See Harper v. Lawrence County, Ala., 592 F.3d 1227, 1232-33 (11th Cir. 2010) (citing Fed. R. Civ. P. 8(a)(2), 12(b)(6)).  To avoid dismissal, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007)).

   "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted).  Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted).  Rules 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996)(citation omitted).  "Where the allegations of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460 (11th Cir. 2010) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001)).

3

Moreover, in a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations "lumping" multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what plaintiff is claiming. See West Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc., 287 F. App'x 81, 86 (11th Cir. 2008) (citing Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1317 (11th Cir. 2007) and Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1381 (11th Cir. 1997)).

The Complaint does not set forth a short and plain statement establishing the basis for the Court's jurisdiction, or showing that Plaintiff is entitled to relief. Accordingly, the Complaint is due to be stricken, and Plaintiff will be given an opportunity to amend the Complaint. To assist unrepresented parties such as Plaintiff, the Court has added a section to its website designed to help pro se litigants, which Plaintiff may access at the following address:

**http://www.flmd.uscourts.gov/pro_se/**

There, Plaintiff will find an overview of the litigation process, a copy of the Federal and Local Rules, and instructions and an online tool which Plaintiff may use (but is not required to do so) for drafting a proper complaint. Plaintiff is cautioned that the Court will not rewrite his Complaint, or any amended complaint, to find a claim. See Peterson v. Atlanta Hour. Auth., 998 F.2d 904, 912 (11th Cir. 1993). Failure to follow the directives set forth above may result in dismissal of this case for lack of jurisdiction, failure to state a claim on which relief may be granted, failure to follow the Court's Order, and/or failure to prosecute.

4

## II.    **"Injunction"**

Plaintiff's "Injunction" is written in the form of an order, commencing with "[i]t is

hereby ordered and adjudged . . . ," and concluding with the statement "[t]his order is

valid and enforceable until further order of this court." (Doc. 2; "Injunction"). Rule 7

provides:

> a) Pleadings. Only these pleadings are allowed:
>
>> (1) a complaint;
>> (2) an answer to a complaint;
>> (3) an answer to a counterclaim designated as a
>> counterclaim;
>> (4) an answer to a crossclaim;
>> (5) a third-party complaint;
>> (6) an answer to a third-party complaint; and
>> (7) if the court orders one, a reply to an answer.
>
> (b) Motions and Other Papers.
>
>> (1) In General. A request for a court order must be
>> made by motion. The motion must:
>>
>>> (A) be in writing unless made during a hearing or
>>> trial;
>>> (B) state with particularity the grounds for
>>> seeking the order; and
>>> (C) state the relief sought.
>
> (2) Form. The rules governing captions and other matters of
> form in pleadings apply to motions and other papers.

Fed. R. Civ. P. 7. Rule 3.01(a), Local Rules of the United States District Court for the

Middle District of Florida ("Local Rule(s)") provides:

> In a motion or other application for an order, the movant
> shall include a concise statement of the precise relief
> requested, a statement of the basis for the request, and a
> memorandum of legal authority in support of the request, all of
> which the movant shall include in a single document not more
> than twenty-five (25) pages.

M.D. Fla. R. 3.01(a).  Additionally, in order to seek a preliminary injunction, a plaintiff must comply with the requirements set forth in Rule 65, Federal Rules of Civil Procedure, and Local Rule 4.06, which govern the entry of preliminary injunctions.  Because Plaintiff's "Injunction" (Doc. 2) fails to comply with the Court's procedural requirements, it is due to be stricken.

Upon due consideration, it is hereby

**ORDERED**:

1. Plaintiff's Complaint (Doc. 1) is **STRICKEN**.  Plaintiff may file an amended complaint which complies with all applicable Federal Rules of Procedure and Local Rules of the United States District Court for the Middle District of Florida, on or before **August 24, 2015**.

2. Plaintiff's document entitled "Injunction," which has been docketed as a "Motion for Preliminary Injunction" (Doc. 2) is **STRICKEN**.

3. Plaintiff's Affidavit of Indigency, which the Court construes as a Motion for Leave to Proceed In Forma Pauperis, (Doc. 4) remains **UNDER ADVISEMENT**.

**DONE AND ORDERED** in Jacksonville, Florida, this 27th day of July, 2015.

BRIAN J. DAVIS
United States District Judge

6

jl

Copies furnished to:

Counsel of Record
Unrepresented Parties